NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS MURPHY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1572

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-5871, Senior Judge William P. Greene, Jr.

---

Decided: August 13, 2024

---

SEAN A. RAVIN, Miami, FL, argued for claimant-appellant.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; AMANDA BLACKMON,

BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before STOLL and CUNNINGHAM, *Circuit Judges*, and CECCHI, *District Judge*.[1]

STOLL, *Circuit Judge*.

Curtis Murphy appeals the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veteran's Appeals' denial of Mr. Murphy's entitlement to an earlier effective date for his award of a total disability rating based on individual unemployability. Because there are factual predicates to the challenges Mr. Murphy raises in his appeal, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Murphy served in the U.S. Army from 1967 to 1969. He was awarded veterans' disability compensation for a lumbar strain in 1969, and he eventually applied for a total disability rating based on individual unemployability (TDIU) for his service-related back injury on January 24, 1995. In 2017, the Board of Veteran's Appeals granted Mr. Murphy an effective date for his award of TDIU of January 11, 1995. Mr. Murphy appealed this decision to the United States Court of Appeals for Veterans Claims, asserting that he was entitled to an earlier effective date of January 24, 1994,[2] based on his receipt of

_____

[1] Honorable Claire C. Cecchi, District Judge, United States District Court for the District of New Jersey, sitting by designation.

[2] For claims for increased disability compensation, the effective date will be the earliest date it is factually ascertainable that an increase in disability has occurred, if a claim is received by the Department of Veterans Affairs

workers compensation instead of earned income from gainful employment for the year of 1994. After procedural development, including several Board decisions and multiple remands from the Veterans Court, the case again returned to the Board.

On May 11, 2021, the Board issued an order finding that Mr. Murphy did not meet the criteria for an effective date earlier than January 11, 1995. The Board found that, prior to January 11, 1995, "the evidence show[ed] that [Mr. Murphy] remained substantially, gainfully employed ad [sic] earned wages above the poverty threshold prior to [that date]." J.A. 26. The Board based this determination on several pieces of evidence, including: (1) Mr. Murphy's own statements on when he became unemployed, which the Board found were "remarkably inconsistent," J.A. 24; (2) an Office of Personnel Management (OPM) report, which the Board acknowledged stated that Mr. Murphy last worked for the United States Postal Service (USPS) in March 1992, but the Board also found that "the pay stubs submitted with the OPM report . . . do not specify [his] work status," and there was "no indication that [he] was being paid retirement benefits or workers compensation, and review of the available records from [his] former employer do not indicate that [his] income in 1994 or 1995 would have been such," J.A. 25; and (3) a January 11, 1995 letter from the USPS, which the Board found "shows [Mr. Murphy] was informed that his work responsibilities were being reassigned, suggesting employment up until that date," J.A. 25. The Board ultimately "weigh[ed] the probative value of evidence" and "consider[ed] internal inconsistency, facial plausibility, and consistency with other evidence" and found that Mr. Murphy's current effective

---

within one year of that date; otherwise, the effective date will be the date of receipt of claim or date entitlement arose, whichever is later. *See* 38 C.F.R. § 3.400(o)(2).

date of January 11, 1995, based on the USPS letter "is the earliest date it was factually ascertainable that [he] met the schedular requirements for a TDIU." J.A. 25–26.

Mr. Murphy appealed the Board's 2021 decision to the Veterans Court. He argued that: (a) "the Board's factual finding that he was paid wages for employment prior to January 11, 1995 is clearly erroneous"; (b) "that the Board failed to afford the appropriate probative value" to the USPS report that "demonstrates that he was unemployed in 1994 and receiving workers compensation benefits"; (c) "that the Board failed to appropriately weigh official [OPM] . . . records corroborating the February 1995 USPS report"; and (d) "that a veteran being paid workers compensation is not substantially and gainfully employed." J.A. 3 (quotation marks and citation omitted).

The Veterans Court affirmed the Board's determination that Mr. Murphy was not entitled to an earlier effective date, finding that "Mr. Murphy merely disagrees with how the Board weighed the evidence, but he has not shown that the Board's factual findings were clearly erroneous or that the Board provided insufficient reasons." J.A. 5. The Veterans Court determined that, after considering Mr. Murphy's various statements about his alleged inability to work in 1994 and determining that the government records "did not specify his work status," the Board "evaluated and weighed the evidence and assigned the appropriate probative value based on relevant factors such as contradicting statements and self-interest." J.A. 5. As to the factual question of his receipt of workers compensation, the Veterans Court acknowledged that the Board "found no indication that Mr. Murphy was being paid retirement benefits or workers compensation" based on the available government records, J.A. 3 (quotation marks and citation omitted), before going on to disagree with Mr. Murphy's legal argument that receipt of workers compensation equates to a veteran not being substantially and gainfully employed. J.A. 4.

Mr. Murphy appeals the Veterans Court's decision.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. Absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see Spicer v. Shinseki*, 752 F.3d 1367, 1369 (Fed. Cir. 2014) ("We therefore generally lack jurisdiction to review challenges to the Board's factual determinations or to any application of law to fact.").

While Mr. Murphy appears to raise two issues in his appeal to this court that are legal issues on their face, there are factual predicates to these issues that preclude our review of his appeal.

First, while Mr. Murphy asks us to interpret 38 C.F.R. § 4.16(a) to hold that a person who receives workers compensation instead of wages is not substantially and gainfully employed, we are unable to reach this legal issue because the Board found that Mr. Murphy was receiving wages and not workers compensation during the relevant time period. *See* J.A. 25 ("There is no indication that [Mr. Murphy] was being paid retirement benefits or workers compensation, and review of the available records from [his] former employer do not indicate that [his] income in 1994 or 1995 would have been such."). Although Mr. Murphy vehemently argues that this fact finding is unsupported by the record, that is a factual question we lack jurisdiction to review.

Second, while Mr. Murphy asks us to hold that the presumption of regularity applies to certain government documents from the USPS and the OPM, no one disputed that those documents were authentic. *See* Appellee's Br. 28–29. Mr. Murphy instead complains of the little weight that the

Board afforded the documents in finding that he did not receive workers compensation. But we lack jurisdiction to review the weight that the Board affords various documents and other evidence. *See King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012) ("Because [the veteran] only challenges the evaluation and weighing of evidence, this court lacks jurisdiction over this appeal.").

Because we lack jurisdiction to review Mr. Murphy's questions, we must dismiss his appeal.

**DISMISSED**

COSTS

No costs.